IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRUESIGHT COMMUNICATIONS LLC,  §<br>§<br>*Plaintiff*,  §<br>v.  §<br>LENOVO GROUP LIMITED, *et al.*,  §<br>§<br>*Defendants*.  § | CIVIL ACTION NO. 2:24-CV-00031-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Lenovo Group Limited's ("LGL") Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim (the "Motion"). (Dkt. No. 25.) Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Court finds that the Motion should be **DENIED**.

I.   **BACKGROUND**

On January 22, 2024, Plaintiff Truesight Communications LLC ("Plaintiff" or "Truesight" and with LGL, the "Parties") filed suit, accusing LGL of infringing U.S. Patent Nos. 8,949,879 (the "'879 Patent"), 8,898,803 (the "'803 Patent"), 9,595,300 (the "'300 Patent"), and 8,745,749 (the "'749 Patent" and with the '879, '803, and '300 Patents, the "Asserted Patents"). (Dkt. No. 1 ¶¶ 7–10.) Plaintiff later filed its First Amended Complaint for Patent Infringement (the "FAC"), which similarly accuses LGL[1] of infringing the Asserted Patents. (Dkt. No. 20 ¶¶ 34–37, 46–101.) Specifically, Plaintiff alleges that smartphones and other mobile devices including, but not limited to, the Motorola Edge 2022 (the "Accused Product") infringe the Asserted Patents. (*Id*. ¶¶ 41–44, 48, 60, 74, 90.)

---

[1] In the FAC, Plaintiff also accuses other defendants of infringing the Asserted Patents. However, this Motion was filed only on behalf of LGL.

Plaintiff also alleges that this Court has personal jurisdiction over LGL. (*Id.* ¶¶ 28–29.) According to Plaintiff, LGL

> induces its subsidiaries, affiliates, retail partners, and customers to make, use, sell, offer for sale, and/or import throughout the United States, including within this Judicial District, infringing products and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.

(*Id.* ¶ 29.)

## II. LEGAL STANDARD

### A. Personal Jurisdiction

"Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019). Where a claim involves substantive questions of patent law, the Court applies Federal Circuit law to evaluate personal jurisdiction. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017). However, the Fifth Circuit relies on the same analysis as the Federal Circuit in deciding whether personal jurisdiction exists. *Packless Metal Hose, Inc. v. Extek Energy Equip. (Zhejiang) Co.*, No. 2:09–CV–00265–TJW, 2011 WL 504048, at *1 n.1 (E.D. Tex. Feb. 10, 2011).

### B. Failure to State a Claim

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff

pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id*.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III. DISCUSSION

#### A. Personal Jurisdiction

This Court recently considered in two cases whether it has personal jurisdiction over LGL under (1) a "stream of commerce" personal jurisdiction theory, and (2) Rule 4(k)(2). In those cases, the Court found that the plaintiffs sufficiently "allege[] that LGL at least acts in concert with its wholly owned subsidiaries to deliver the accused products into the Texas market under a stream of commerce theory." *Eirog Innovations Ltd. v. Lenovo Grp. Ltd.*, No. 2:24-CV-00239-JRG, 2024

3

WL 4519763, at *4 (E.D. Tex. Oct. 17, 2024); *Universal Connectivity Techs. Inc. v. Lenovo Grp. Ltd.*, No. 2:23-CV-00449-JRG, 2024 WL 4519760, at *3 (E.D. Tex. Oct. 17, 2024); *see also AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 2:22-CV-00280-RWS-RSP, 2023 WL 7105701, at *3 (E.D. Tex. Sept. 6, 2023). The Court further examined and found jurisdiction under Rule 4(k)(2). *Eirog*, 2024 WL 4519763, at *6–7; *Universal Connectivity Techs.*, 2024 WL 4519760, at *5–6.

Here, Plaintiff's allegations are substantially similar to those at issue in *Eirog*, *Universal Connectivity Techs.*, and *AX Wireless*. As in those cases, Plaintiff sufficiently alleges here that LGL at least acts in concert with its subsidiaries to deliver the accused products into the Texas market under a stream of commerce theory. (Dkt. No. 20 ¶¶ 2–29.) LGL advances similar arguments here which were considered and rejected by the Court in those other decisions. The Court declines to revisit such analysis where, as here, nothing new or additional has been presented.

For the same reasons as those given in *Eirog* and *Universal Connectivity Techs.*, the Court finds that LGL's motion to dismiss under Rule 12(b)(2) should be denied.[2]

### B. Infringement

LGL argues that Plaintiff fails to sufficiently allege that LGL directly and indirectly infringes each of the Asserted Patents. (Dkt. No. 25 at 21–29.) For the reasons given herein, the Court finds that Plaintiff sufficiently alleges direct and indirect infringement of the Asserted Patents. Accordingly, the Court finds that the sections of the Motion challenging the sufficiency of Plaintiff's infringement allegations should be denied.

---

[2] The Court acknowledges that its decisions in *Eirog* and *Universal Connectivity Techs.* issued after briefing on the Motion concluded. However, if LGL believed that a different result is warranted in this case, it should have moved for leave to explain how and why this case is different. LGL did not do so.

### 1. The '803 Patent

The Court finds that Plaintiff sufficiently alleges direct infringement of the '803 Patent. LGL argues that the FAC fails to plausibly allege that LGL uses the Accused Product in the United States in a manner that would infringe method claim 1. (Dkt. No. 25 at 21–23.) However, the FAC alleges that LGL (and the other named defendants) "directly infringes the '803 Patent through the use of the Motorola Edge 2022 through promotional demonstrations, testing, repairs, and instructional guidance." (Dkt. No. 20 ¶ 66.) Reading this allegation in the context of the FAC's preceding paragraphs that allege *how* using the Motorola Edge 2022 infringes claim 1 of the '803 Patent (*id*. ¶¶ 62–65), the Court finds that LGL is on sufficient notice of the acts accused of direct infringement. *See Disc Disease*, 888 F.3d at 1260 ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the ground upon which it rests." (cleaned up)).[3]

### 2. The '879 Patent

The Court finds that Plaintiff sufficiently alleges direct infringement of the '879 Patent. LGL first argues that Plaintiff improperly "alleges that the recited PIN equates to a user's 'login with password'" because the '879 Patent purportedly "distinguishes between a PIN and other 'alternate' or 'different' types of authenticators, 'such as a passphrase.'" (Dkt. No. 25 at 23–24.) The Court finds that this argument improperly invites the Court to engage in premature claim construction. Consistent with this Court's practice, it will not construe these claim terms at this stage. *See In re Taasera Licensing LLC, Patent Litig.*, No. 2:22-MD-03042-JRG, 2023 WL 2716540, at *3 (E.D. Tex. Mar. 29, 2023) ("[M]any courts have determined that construing claims

---

[3] The Court further finds that LGL waived arguments it raises for the first time in its reply. For example, LGL argues for the first time in its reply that Plaintiff's "allegation that the Motorola Edge 2022 comes 'preloaded with the Netflix Mobile Application' . . . is devoid of any factual support." (Dkt. No. 44 at 8.)

at the Rule 12(b)(6) stage is inappropriate, instead reserving such disputes for claim construction.").

Second, LGL argues that the prosecution history concerning the claim term "V-chip" renders Plaintiff's infringement allegations "impossible" because "[t]he Motorola Edge 2022 does not include a V-chip, and the 'Motorola Edge 2022, through the use of Google Family Link' is incompatible with V-chip technology." (*Id*. at 25–26.) However, LGL's argument—which relies upon technical documentation outside of the pleadings—is a factual dispute and non-infringement position that the Court rejects at this early stage.

Third, LGL argues that Plaintiff fails to "plausibly allege that LGL makes or sells an apparatus that includes Google Family Link." (Dkt. No. 25 at 24–25.) Further, LGL argues that it "cannot be liable for direct infringement based on users' 'use of Google Family Link,' as such alleged 'use' would amount to a modification of the accused product that would preclude infringement." (*Id*. at 25.) However, the FAC sufficiently alleges that "the technology is implemented in infringing Lenovo smartphones and televisions, including, but not limited to, the Motorola Edge 2022, using software and/or applications, such as Google Family Link, to put content restrictions on certain media, such as television shows and movies." (Dkt. No. 20 ¶ 41.) Plaintiff's allegations put LGL on notice of its infringement claim—that is sufficient at this stage. *Disc Disease*, 888 F.3d at 1260.

### 3. The '300 and '749 Patents

The Court finds that Plaintiff sufficiently alleges direct infringement of the '300 and '749 Patents. Once again, LGL's argument boils down to whether Plaintiff's allegations are implausible under LGL's proposed construction of the claim term "SD card" and whether LGL's proposed construction covers the Accused Product. (Dkt. Nos. 25 at 27–29, 44 at 10.) The Court will not

engage in claim construction at this point in the case and finds that Plaintiff has put LGL on sufficient notice of its infringement allegations.

### 4. Indirect Infringement

The Court finds that Plaintiff sufficiently alleges indirect infringement of each of the Asserted Patents. LGL argues that Plaintiff's indirect infringement allegations should be dismissed "because Truesight fails to plead facts to allege an underlying act of direct infringement." (Dkt. No. 25 at 29.) However, as explained above, the Court finds that Plaintiff sufficiently alleges direct infringement of the Asserted Patents. Accordingly, LGL's challenge to Plaintiff's indirect infringement allegations is similarly denied.

### C. Permanent Injunction

The Court finds that LGL's motion to dismiss Plaintiff's request for a permanent injunction should be denied. As this Court has held, a plaintiff's claim for injunctive relief should not be dismissed when the underlying claim upon which that relief is being sought—*i.e.*, infringement—remains in the case and is unresolved. *In re Taasera*, 2023 WL 2716540, at *7. Here, Plaintiff's underlying infringement claims remain in the case. Accordingly, the Court finds that LGL's motion to dismiss Plaintiff's request for a permanent injunction should be denied.

## IV. CONCLUSION

Having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 12th day of December, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE